IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHRISTINA RUSZCZYNSKI                                                      PLAINTIFF

v.                               CIVIL NO. 19-cv-03057

ANDREW SAUL, Commissioner                                               DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Christina Ruszczynski, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her application for DIB on January 31, 2014. (Tr. 190). In her applications, Plaintiff alleged disability beginning on December 16, 2013, due to: disc damage at C5-C6, nerve damage, chronic abdominal pain, severe depression, and right knee issues. (Tr. 190, 411). An administrative hearing was held on November 8, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 21, 82-120).

On August 4, 2017, the ALJ issued an unfavorable decision. (Tr. 187).  The ALJ found Plaintiff last met the insured requirements of the Act on December 31, 2015. (Tr. 192). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: anxiety, mood disorder, disorder of the cervical spine, disorder

1

of the lumbar spine, disorder of the bilateral shoulders. (Tr. 192). After reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 192-94). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined 20 CFR 404.1567(b) except she was restricted to occasional overhead reaching bilaterally and she could frequently climb ramps and stairs but never climb ladders, ropes or scaffolds. She could frequently bend, stoop, kneel, crouch or crawl. She could perform work limited to simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes, and no more than incidental contact with co-workers, supervisors, or the general public.
> (Tr. 194-97).

The ALJ found Plaintiff was unable to perform any of her past relevant work. (Tr. 197). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of shipping weigher, cotton classer aide, or scaling machine operator. (Tr. 197-98). The ALJ found Plaintiff was not disabled from December 16, 2013, through December 31, 2015, the date last insured. (Tr. 198).

The Appeals Council remanded the case on April 10, 2018. (Tr. 206). An administrative hearing was held on September 18, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 40-69).

On November 8, 2018, the ALJ issued an unfavorable decision. (Tr. 19). The ALJ found Plaintiff last met the insured requirements of the Act on December 31, 2015. (Tr. 24). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: anxiety, mood disorder, disorder of the cervical spine, disorder of the lumbar spine, disorder of the bilateral shoulders. (Tr. 24). After reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or

equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 24-26). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined 20 CFR 404.1567(b) except occasional overhead reaching bilaterally; frequent climbing of ramps/stairs, never cl[imb] ladders/ropes/scaffolds. She could frequently balance, stoop, kneel, crouch, and crawl. She was limited to simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes, and no more than incidental contact with co-workers, supervisors, or the general public.
> (Tr. 26-29).

The ALJ found Plaintiff was unable to perform any of her past relevant work. (Tr. 29). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of assembler production, cleaner housekeeping, or mail clerk. (Tr. 29-30). The ALJ found Plaintiff was not disabled from December 16, 2013, through December 31, 2015, the date last insured. (Tr. 30).

On May 31, 2019 the Appeals Council denied Plaintiff's request for review. (Tr. 8). Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the

Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings the following points on appeal: 1) Whether the ALJ erred in his evaluation of the opinion evidence regarding Plaintiff's RFC; and 2) Whether the ALJ erred by failing to evaluate the combined effect of her impairments. (Doc. 13).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 7th day of August 2020.

/s/ *Erin L. Wiedemann*
 HON. ERIN L. WIEDEMANN
 UNITED STATES MAGISTRATE JUDGE